**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUZANNE DUYEN KWONG,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>  Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TEMPORARY RESTRAINING ORDER AND MOTION FOR LEAVE TO RECORD A LIS PENDENS**<br><br>[Re: ECF 2] |

Before the Court is an ex parte application for a temporary restraining order ("TRO") and a motion to record a lis pendens by Plaintiff Suzanne Duyen Kwong. Mot., ECF 2. Kwong filed this action on April 17, 2017, and simultaneously filed the instant motion. *See generally* Compl., ECF 1. As best the Court can tell, Plaintiff seeks a TRO restraining Defendants Santa Clara County Sheriff's Office, Laurie Smith, and R. Vrscaj (collectively, "Defendants"), from "all wrongful attempts at carrying out [e]victions" and to stay her eviction from the property located at 1519 Rangewood Drive, San Jose, CA. Mot. 2. For the reasons discussed below, Kwong's application for a TRO and motion to record a lis pendens are DENIED.

In her complaint, Kwong alleges that the Sheriff's department attempted to "get her to vacate [her property] without a warrant," and with a Writ of Execution signed not by a judge, but "by Wells Fargo Bank stamped by C. Page the deputy Clerk." Compl. ¶ 3. Kwong further alleges that Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by attempting to access her property without a warrant. *Id.* She further claims that "Defendant[s'] attempts to evict or eject [her] from her home are in violation of both federal and state law." *Id.* ¶ 4. Specifically, she contends that she was denied due process because she did not receive a warrant or a writ of execution until three days before the Sheriff planned to evict her, and that her

rights under the Homeowner Bill of Rights, Cal. Civ. Code § 2923, were violated, as well.[1] *Id.* ¶¶ 4–5.

## I. TRO APPLICATION

### A. Legal Standard

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction may issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

### B. Discussion

Before addressing the *Winter* factors, the Court addresses whether it has subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

---

[1] In her motion, Kwong states that she brings claims (1) for declaratory relief, (2) to set aside a wrongful foreclosure, (3) fraud, (4) slander of title, (5) statutory violations of the Real Estate Settlement Procedures Act ("RESPA"), and (6) defective foreclosure. *See* Mot. 2. Because these claims are not pled in the complaint, the Court does not consider them for the purpose of this order.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). This Court has an independent obligation to ensure that it has subject matter jurisdiction over a matter and may raise the question, *sua sponte*, at any time during the pendency of the action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The two main sources of subject matter jurisdiction are federal question jurisdiction (also known as "arising under" jurisdiction) and diversity jurisdiction. Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the constitution, laws, or treaties of the United States. Federal subject matter jurisdiction based upon diversity is governed by 28 U.S.C. § 1332(a)(1) and requires complete diversity of citizenship and an amount in controversy in excess of $75,000.

The basis for the Court's jurisdiction in this case is not clear. As presently before the Court, Plaintiff has not met her burden of demonstrating that the Court has diversity jurisdiction over this action because the complaint says nothing about the amount in controversy or the citizenship of the Defendants. However, broadly construing the Complaint, it appears that Plaintiff may be attempting to state a federal claim under 42 U.S.C. § 1983, as well as claims for unlawful eviction and a violation of the California Homeowner Bill of Rights. *See* Compl. ¶¶ 3–5.

If Plaintiff is indeed attempting to state a claim under § 1983, the Court would have subject matter jurisdiction over this action. Because Kwong is proceeding pro se, and courts are to broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of the doubt," the Court construes the complaint to include a federal claim. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Nevertheless, the Court advises Plaintiff that it has a duty to continuously review subject matter jurisdiction, and will not hesitate to dismiss this action if it becomes clear that Plaintiff seeks remedies under state law alone.

Turning to the *Winter* factors, the Court concludes that Kwong has demonstrated neither a likelihood of success nor serious questions going to the merits of her only potential federal claim.

3

Indeed, she provides insufficient factual details to adequately state a claim under 42 U.S.C. § 1983 and thus, she has not demonstrated a likelihood of success. Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. Thus, the application for a TRO is DENIED.

## II. LIS PENDENS

Kwong also seeks leave to record a lis pendens. As a pro se litigant, she "needs court approval to file a lis pendens regarding the property at issue in this litigation." *Stowers v. Wells Fargo Bank, N.A.*, No. 13-cv-5426, 2014 WL 1245070, at *11 (N.D. Cal. Mar. 25, 2014) (citing Cal. Civ. Proc. Code § 405.21)). As discussed above, however, Kwong has failed to make out a viable federal claim, and absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. Thus, Kwong has not asserted any claims in this action that would justify the recording of a lis pendens.

The motion for leave to record a lis pendens is DENIED.

## III. ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. The application for a TRO is DENIED; and
2. The motion for leave to record a lis pendens is DENIED.

Dated: April 17, 2017

BETH LABSON FREEMAN
United States District Judge