# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE DUYEN KWONG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER DENYING REQUEST FOR NOTICE OF LIS PENDENS**<br><br>[Re: ECF 13] |

Plaintiff Suzanne D. Kwong has filed a request under California Code of Civil Procedure section 405.21 for this Court to approve a notice of pending action to be recorded against the real property involved in this matter. *See* ECF 13. Having reviewed the application and Plaintiff's First Amended Complaint ("FAC"), the Court DENIES Plaintiff's request.

"A party to an action who asserts a real property claim may record a notice of pendency of action," otherwise known as a lis pendens, "in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. "The notice shall contain the names of all parties to the action and a description of the property affected by the action." *Id.* In addition, "[a] notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6." Cal. Civ. Proc. Code § 405.21. For the purpose of a lis pendens, a "real property claim" is a cause of action "in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." *Id.* § 405.4. Applying a standard similar to a motion to expunge, the court will not permit an unrepresented claimant to record a lis pendens if the pleading filed by the claimant does not properly plead a "real property claim." *See Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004). The analysis is similar to that of a demurrer in state court, or a motion to dismiss for failure to state a claim in federal court. *Id.* at 647–48.

Kwong asserts the following claims: (1) misrepresentation; (2) unfair practices; (3) and "no void instrument conveys," which the Court construes as a claim for fraud. *See generally* FAC. Although Kwong alludes to additional claims in the caption of the FAC and Prayer for Relief—such as unlawful eviction—she does not adequately plead any of them. Accordingly, Plaintiff has not properly plead a "real property claim" pursuant to section 405.4, and the Court thus DENIES her request for approval of the Notice.

**IT IS SO ORDERED.**

Dated: May 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge