# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE DUYEN KWONG,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER DENYING MOTION FOR EMERGENCY LEAVE TO OBTAIN ATTORNEY REPRESENTATION OR PER AMICI CURIAE REPRESENTATION**<br><br>[Re: ECF 19] |

On May 5, 2017, Plaintiff Suzanne Duyen Kwong filed a motion for emergency leave to obtain attorney representation or per amici curiae representation. Mot., ECF 19. Kwong claims that due to her "legal disability," she is unable to represent herself adequately, and is "in fear of being pulled out of her home unlawfully." *Id.* at 1–2.

To the extent that Kwong is seeking a stay of this action while she locates an attorney, the request is DENIED. Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. 09-2493, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted)). Here, Kwong has asserted no reason for a stay beyond the fact she is proceeding pro se and would like to retain counsel to represent her. Were the Court to adopt a lack of counsel as a reason to grant a stay, the Court would be unable to move forward cases in which a party is representing herself pro se forward. Accordingly, the Court DENIES Kwong's motion for a stay. If Kwong is able to retain an attorney, pro bono or otherwise, that attorney may appear in this action.

To the extent that Kwong is asking the Court to appoint counsel to represent her, that request is also DENIED. A district court may exercise its discretion to secure counsel for an indigent civil litigant under 28 U.S.C. § 1915(d) only under "exceptional circumstances," so grants of such a motion are relatively rare. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 799–800 (9th Cir. 1986) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980)). Although Kwong claims that she needs legal representation because this is a "serious and complicated matter" and she is not an attorney, these are the difficulties that any litigant would have in proceeding pro se. As such, they do not indicate exceptional factors. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (finding that factors normally encountered by pro se litigants do not constitute exceptional circumstances).

The Court notes that Plaintiff may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

| Federal Pro Se Program | Federal Pro Se Program |
|---|---|
| United States Courthouse | The Law Foundation of Silicon Valley |
| 280 South 1st Street | 152 North 3rd Street |
| 2nd Floor, Room 2070 | 3rd Floor |
| San Jose, CA 95113 | San Jose, CA 95112 |
| Monday to Thursday 1:00 pm – 4:00 pm | Monday to Thursday 9:00 am – 12:00 pm |
| Fridays by appointment only | Fridays by appointment only |

**IT IS SO ORDERED.**

Dated: May 5, 2017

_____
BETH LABSON FREEMAN
United States District Judge