| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **NORTHERN DISTRICT OF CALIFORNIA** |
| | **SAN JOSE DIVISION** |

| | |
|---|---|
| SUZANNE DUYEN KWONG,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED SAC**<br><br>[Re: ECF 15, 21, 24, 37, 46] |

Plaintiff Suzanne Duyen Kwong ("Kwong") originally filed this action on April 17, 2017 against Defendants Sheriff Laurie Smith and County of Santa Clara ("Sheriff") alleging that her property was subject to wrongful foreclosure and that she should not have been evicted from her home. *See* ECF 1. Kwong then filed an "Amended Civil Action," which the Court construes as a First Amended Complaint ("FAC"). *See* ECF 9. The FAC added a number of claims, including a claim under 42 U.S.C. § 1983, which Kwong alleges is the basis for federal subject matter jurisdiction. The FAC also added Defendants NDEX West, LLP ("NDEX") and Wells Fargo Bank, N.A., as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007E and Nationstar Mortgage LLC ("Wells Fargo") for their alleged involvement.[1]

Five motions are currently pending before the Court in this matter. Kwong filed a motion for a preliminary injunction on April 28, 2017. *See* ECF 15. In addition, each of the three Defendants has filed a motion to dismiss the FAC. *See* ECF 21, 24, 46. Kwong has also filed a motion for leave to file a second amended complaint ("SAC") whereby she seeks to add additional parties and claims. *See* ECF 37.

---

[1] The Court refers to Defendants by the names used in their motion to dismiss filings. Kwong erroneously sued Defendants under various corporate names in the FAC. *Compare* ECF 21, 24, 46 *with* ECF 9.

The Court held a hearing on these motions on October 26, 2017. Kwong did not appear at the time scheduled for the hearing. Counsel for all Defendants were present, but the Court received no further argument. Kwong arrived two hours after the hearing due to her misunderstanding as to the time scheduled for the hearing. The Court informed Kwong of its findings based on the submitted papers and explained that a written order on the pending motions would be issued.

The Court has considered the briefing, evidence, and applicable law on the various motions. For the reasons set forth below, as well as those stated on the record at the hearing and those repeated to Kwong on the record when she arrived, Defendants' motions to dismiss the FAC are GRANTED WITH LEAVE TO AMEND for failure to state a federal claim that establishes subject matter jurisdiction. Kwong's motion for a preliminary injunction and motion for leave to file the proposed SAC are DENIED.

## I. DEFENDANTS' MOTIONS TO DISMISS

Each Defendant has filed a motion to dismiss the FAC. The Sheriff moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, because Kwong does not allege any facts to support a cognizable claim against the Sheriff. *See* ECF 21. NDEX separately moves to dismiss the claims against it for failure to state a claim, and asserts that in its role as a foreclosure trustee, NDEX has limited liability and immunity for recording foreclosure notices. *See* ECF 24 at 2. Wells Fargo also moves to dismiss the FAC under Rule 12(b)(6), and further points out that Kwong's claims are subject to *res judicata* from the prior foreclosure and unlawful detainer proceedings in state court. *See* ECF 46.[2] For the reasons that follow, and those

---

[2] In connection with their motions to dismiss, NDEX and Wells Fargo have filed requests for judicial notice of documents related to the foreclosure and sale of the property at issue, as well as the state court foreclosure and unlawful detainer proceedings. *See* ECF 25, 47. These documents are properly subject to judicial notice because they are either incorporated by reference into the FAC or they are official public records. *See* Fed. R. Evid. 201(b)(2); *see also Gamboa v. Trustee Corps & Cent. Mortgage Loan Servicing Co.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust because "[t]hese documents are central to Plaintiffs' allegations that Defendants were not entitled to initiate a foreclosure sale of their property. These documents are also part of the public record and are easily verifiable.") Accordingly, NDEX and Wells Fargo's requests for judicial notice are GRANTED.

2

stated on the record at the October 26, 2017 hearing and repeated to Kwong on the record, the Court GRANTS Defendants' motions to dismiss the FAC WITH LEAVE TO AMEND.

### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Discussion

At the outset, the Court finds that the FAC fails to state a valid federal claim to establish subject matter jurisdiction. The only potential basis for federal subject matter jurisdiction alleged in the FAC is brought under 42 U.S.C. § 1983. *See* FAC ¶ 3.1. Although Kwong lists § 1983 in the caption of the FAC and as the basis for jurisdiction, the FAC does not actually include a separate cause of action for a violation of § 1983 against the Sheriff. The FAC itself specifies only three state law claims: "misrepresentations," "unfair practices," and "no void instrument conveys." *See* FAC ¶ 6.1-6.4. A mere citation to a federal statute that does not include factual allegations to support a valid cause of action is not sufficient to support federal question jurisdiction. *See Easton v. Crossland Motg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

Because Kwong proceeds in this action *pro se*, the Court construes her pleadings liberally

3

and affords her "the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, even liberally construed, the Sheriff is the only defendant that Kwong has named who could potentially be liable for a violation of § 1983. In order to state a claim for a violation of § 1983, the defendant must have been acting "under color of state law." NDEX and Wells Fargo are not state actors, nor does Kwong allege that they are acting under the color of state law, and therefore the Court does not construe the FAC as alleging any federal claims against these defendants. In testing the legal sufficiency of the only federal claim mentioned in the FAC, the Court construes Kwong's § 1983 claim against the Sheriff alone.

Kwong's factual pleading with respect to the Sheriff is minimal, and the Court finds that no viable federal claim has been pled under § 1983. Most of the FAC centers on allegations involving the securitization of the loan, the "transfer of a fraudulent instrument", and the unlawful "robo-signing" of documents. There is no indication that these allegations have anything to do with the Sheriff. The only mention of the Sheriff in the FAC pertains to Kwong's allegations that she suffers from constant worry that the Sheriff will "throw her out of her home without warning" as the Sheriff allegedly first tried to do in April 2017. *See* FAC ¶ 5.5B. Kwong further alleges in a conclusory fashion that the Sheriff "helped perpetrate the fraud with an unlawful removal through a Notice to vacate," and that the Sheriff was "part of Wells Fargo's violations of deprivations of plaintiff's property." *Id*. ¶ XII.

These sparse and vague allegations fail to state a claim for relief against the Sheriff for a violation of § 1983. Factual allegations in a pleading must meet a level of specificity that is not present in the FAC. *See Twombly*, 550 U.S. at 555. Vague or conclusory allegations are not sufficient to survive a motion to dismiss. *Id.* As currently pled, Kwong's allegations against the Sheriff consist of only "labels and conclusions," and the Supreme Court has decisively held that Rule 8 notice pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 500 U.S. at 555).[3] The Court therefore

---

[3] As stated on the record, even if Kwong succeeds in filing a second amended complaint that states a valid federal claim, the Sheriff may also be entitled to immunity for carrying out a facially valid writ.

4

DISMISSES the FAC WITH LEAVE TO AMEND on the basis that Kwong has failed to allege a viable federal claim and the Court lacks subject matter jurisdiction.

Absent the assertion of a viable federal claim, this Court declines to exercise supplemental jurisdiction over Kwong's remaining state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Given the early stage of these proceedings, the Court defers addressing the merits of Kwong's state law claims unless and until Kwong is able to make out a viable federal claim.

Although the Court declines to exercise supplemental jurisdiction over Kwong's state law claims in the absence of a valid federal claim, the Court advises Kwong that her state law claims are also deficient and require amendment in order to proceed. For example, the FAC does not clearly state which causes of action are alleged against which Defendants. The Court advises Kwong that any amended complaint must include a separate count for each cause of action that identifies which Defendants are allegedly liable for which claims, with each claim supported by specific facts. Without this, Defendants are not on fair notice of the allegations against them. *See Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests.").

Specifically, Kwong's claims against Wells Fargo face a more difficult hurdle because they appear to be barred by *res judicata*. Wells Fargo argues that Kwong's challenges to the securitization of the loan and the non-judicial foreclosure proceedings at issue were already litigated in a state court action which resulted in a final judgment of dismissal with prejudice against Kwong on April 12, 2017. *See* Santa Clara County Superior Court Case No. 16CV292278, *Suzanne Kwong et al. v. Bank of America, N.A., et al.*; ECF 47, Ex. 13-17. Although the Court grants Kwong leave to amend, any second amended complaint that she files must allege facts that show why her claims against Wells Fargo are not barred by the prior action. *Matute v. JPMorgan Chase & Co.*, No. CV 16-01753, 2016 WL 3092124, at *6 (C.D. Cal. May 31, 2016) (holding that courts have "repeatedly recognized that, under California law, plaintiffs seeking to set aside a foreclosure may not relitigate their claims in subsequent actions, even when the second lawsuit

5

1 asserts different causes of action or challenges different aspects of the loan or foreclosure
2 process.")

As it stands, the Court agrees with Wells Fargo that there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties," such that Kwong may not reassert these same claims in this federal action. ECF 56 at 2; *See Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). In addition to granting Kwong another chance to establish subject matter jurisdiction, the Court grants Kwong leave to amend to bring claims that are not barred by the prior action.

The Court has also considered Kwong's motion for leave to file a second amended complaint and her proposed SAC. *See* ECF 37, 38. Kwong's motion for leave to amend does not cure the deficiencies identified above. In particular, the proposed SAC does not allege a viable federal claim against the Sheriff to support federal subject matter jurisdiction. The proposed SAC also does not address the *res judicata* issue. Therefore, Kwong's pending motion for leave to file the SAC is DENIED. However, because the Court grants Kwong leave to amend with respect to Defendants' motion to dismiss, <u>Kwong may file a second amended complaint that addresses the deficiencies described above.</u> The Court reminds Kwong that her complaint must adequately plead a valid *federal* claim, otherwise the Court will decline to exercise supplemental jurisdiction over her state law causes of action.

Kwong is instructed to file a second amended complaint that cures the deficiencies identified in this Order **on or before November 22, 2017.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies described above will result in a dismissal of Kwong's claims with prejudice.

**II.      PRELIMINARY INJUNCTION**

Kwong also moves for a preliminary injunction. Although the relief requested is not entirely clear, Kwong appears to request that the property at issue be conveyed back to her. *See* ECF 15 at 3. For the reasons set forth below and on the record at the hearing, Kwong's motion for a preliminary injunction is DENIED.

**A. Legal Standard**

A preliminary injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *see also National Steel Car, Ltd. v. Canadian P. Ry., Ltd.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004) ("A preliminary injunction is a 'drastic and extraordinary remedy that is not to be routinely granted.'") (internal citations and quotation omitted). It "is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

In order to obtain preliminary injunctive relief, Kwong must establish "[1] that [she] is likely to succeed on the merits, [2] that [she] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, an injunction could issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

**B. Discussion**

To determine whether Kwong has met her burden as the moving party on a request for a preliminary injunction, the Court looks to the four *Winter* factors. As discussed above, the FAC fails to state a valid federal claim for a violation of 42 U.S.C. § 1983. It follows that Kwong has not established that she is likely to succeed on the merits. In addition, the Court finds that Kwong has failed to establish that she is likely to suffer irreparable harm, because the property has already been foreclosed and she has been evicted from her home. From what the Court can tell after a review of the submitted documents, Kwong was evicted from her property located at 1519 Rangewood Drive, San Jose, CA on May 12, 2017. *See* ECF 33 ("Joint Case Management

Statement") at 5. As of the date of filing her motion for a preliminary injunction, Kwong conceded that the Defendants had already "assumed control of the property," and requested that the property be conveyed back to her ownership. *See* ECF 15 at 2.

The Court notes that Kwong previously filed an application for a temporary restraining order ("TRO") in this case. When the Court ruled on the TRO application, Kwong was still living in her home, and the likelihood of irreparable harm was undoubtedly more severe. Yet this Court denied her request for a TRO and held that "Kwong has demonstrated neither a likelihood of success nor serious questions going to the merits of her only potential federal claim." *See* ECF 7 at 3. As the Court indicated previously, the FAC provides insufficient factual details to adequately state a claim under 42 U.S.C. § 1983 and therefore Kwong is unable to demonstrate a likelihood of success on the merits of her federal claim. As discussed above, absent a federal claim as the basis for jurisdiction, the Court declines to exercise supplemental jurisdiction over Kwong's state law claims.

To the extent the public interest and the balance of hardships weigh in Kwong's favor, those factors are insufficient to sustain the extraordinary injunctive relief sought by Kwong in the absence of any serious questions going to the merits of her underlying civil rights claims against the Sheriff. When all of the *Winter* factors are considered collectively, it is clear that Kwong has failed to satisfy the requirements for a preliminary injunction. Moreover, because this Court lacks subject matter jurisdiction, the FAC must be dismissed and the Court has no jurisdiction to grant a motion for a preliminary injunction. As such, Kwong's motion for a preliminary injunction is DENIED.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The FAC is DISMISSED WITH LEAVE TO AMEND for lack of federal subject matter jurisdiction.
2. Kwong's pending motion for leave to file the proposed second amended complaint is DENIED.
3. Kwong shall file a Second Amended Complaint that cures the deficiencies

identified in this Order, and establishes subject matter jurisdiction, **on or before November 22, 2017.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Kwong's claims with prejudice.

4. Kwong's motion for a preliminary injunction is DENIED.

Finally, Kwong may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

| | |
|---|---|
| Federal Pro Se Program<br>United States Courthouse<br>280 South 1st Street<br>2nd Floor, Room 2070<br>San Jose, CA 95113<br>Monday to Thursday 1:00 pm – 4:00 pm<br>Fridays by appointment only | Federal Pro Se Program<br>The Law Foundation of Silicon Valley<br>152 North 3rd Street<br>3rd Floor<br>San Jose, CA 95112<br>Monday to Thursday 9:00 am – 12:00 pm<br>Fridays by appointment only |

**IT IS SO ORDERED.**

Dated: November 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge