# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE DUYEN: KWONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER GRANTING WELLS FARGO DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; VACATING HEARING ON APRIL 26, 2018 AT 9:00 A.M.**<br><br>[Re: ECF 72] |

Plaintiff Suzanne Duyen: Kwong ("Kwong") has filed an "Amended Complaint Petition in Equity." *See* ECF 71. Presently before the Court is the motion to dismiss brought by Defendants Wells Fargo Bank, N.A., as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007E and Nationstar Mortgage LLC (erroneously sued as "Wells Fargo, N.A. LLC, et al, as Trustee for Recontrust/Bank of America/Banc of America; Nationstar LLC et al., C/O 8950 Cypress Waters Boulevard, Coppell, TX 75019") ("Wells Fargo Defendants"). *See* ECF 72 ("Mot.").

Pursuant to Civil Local Rule 7-1(b), the Court finds the Wells Fargo Defendants' motion to dismiss suitable for submission without oral argument and hereby VACATES the hearing scheduled for April 26, 2018 at 9:00 A.M. For the reasons that follow, the Wells Fargo Defendants' motion to dismiss the "Amended Complaint Petition in Equity" is GRANTED WITHOUT LEAVE TO AMEND.

## I.　REQUEST FOR JUDICIAL NOTICE

The Court begins by addressing the Wells Fargo Defendants' request for judicial notice, as the documents inform the Court as to the factual basis of this action, which is not clear from Kwong's several pleadings and other filings. *See* ECF 73 ("RJN"). In connection with their motion to dismiss, the Wells Fargo Defendants have filed a request for judicial notice of eighteen

(18) documents related to the foreclosure and sale of the property at issue, as well as the state court foreclosure and unlawful detainer proceedings. *Id*. In her opposition, which was not timely filed, Kwong represents that she "agrees with the facts from 1-18 in the Request for judicial notice" but argues that they are "irrelevant…to make all parties whole." ECF 74 at 1-2 ("Opp'n").

The Court finds that the 18 documents are properly subject to judicial notice because they are either incorporated by reference into the SAC or they are official public records. *See* Fed. R. Evid. 201(b)(2); *see also Gamboa v. Trustee Corps & Cent. Mortgage Loan Servicing Co.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust because "[t]hese documents are central to Plaintiffs' allegations that Defendants were not entitled to initiate a foreclosure sale of their property. These documents are also part of the public record and are easily verifiable.") Accordingly, the Wells Fargo Defendants' requests for judicial notice at ECF 73 is GRANTED.

## II. BACKGROUND

### A. Factual History Regarding the Property

Kwong and non-plaintiff Simon Kwong purchased real property located at 1519 Rangewood Drive, San Jose, California ("Property") in July 2005. *See* RJN Ex. 1, ECF 73-1. The Kwongs refinanced in 2007, obtaining a loan for $1,280,000.00 secured by a Deed of Trust. RJN Exs. 2, 3. Plaintiff and Simon Kwong are both named on the Deed of Trust, but Plaintiff Suzanne Kwong is not a party to the Note. *Id.* By May of 2010, Plaintiff and Simon Kwong defaulted on the loan and a Notice of Default was recorded. RJN Ex. 4. A Substitution of Trustee and Assignment of Deed of Trust was also publicly recorded in May 2010. RJN Ex. 5.

In August 2010, a Notice of Trustee Sale was recorded, setting a sale date of September 1, 2010. RJN Ex. 6. No sale of the Property occurred at that time, and another Notice of Trustee's Sale was recorded in October of 2011. RJN Ex. 7. A Rescission of Notice of Default was recorded on September 24, 2013. RJN Ex. 8.

On January 14, 2015, a Substitution of Trustee was recorded, substituting Barrett Daffin Frappier Treder & Weiss LLP as trustee under the Deed of Trust. RJN Ex. 18. A new Notice of Default was recorded on January 22, 2015. RJN Ex. 9. Notices of Trustee's Sale were recorded on

2

September 24 and September 29, 2015. RJN Exs. 10, 11. A Trustee's Sale occurred on October 29, 2015 and a Trustee's Deed Upon Sale was recorded on November 10, 2015. RJN Ex. 12.

### B. Prior Action Against the Wells Fargo Defendants

Plaintiff and Simon Kwong filed a lawsuit in Santa Clara County Superior Court against the Wells Fargo Defendants and other parties in March 2016. RJN Ex. 13 (Case No. 16 CV 292278) ("Prior Action"). In the Prior Action, the Kwongs asserted thirteen causes of action and attempted to set aside the 2015 foreclosure sale that occurred on October 29, 2015. RJN Ex. 14. In their First Amended Complaint, the Kwongs alleged misconduct in loan origination and subsequent attempts to modify the loan, as well as allegations that the 2007 securitization of the loan was improper and that the May 17, 2010 Substitution of Trustee and Assignment of Deed of Trust was "*void ab initio.*" *Id.* The Kwongs further challenged the Wells Fargo Defendants' authority to foreclose on the Property. *Id.* Defendants demurred to the operative First Amended Complaint. RJN Ex. 15. The Santa Clara Superior Court sustained Defendants' demurrer and entered a Judgment of Dismissal with Prejudice on April 12, 2017. RJN Exs. 16, 17.

### C. Procedural History of this Action

Kwong, proceeding *pro se*, originally filed the instant action in federal court on April 17, 2017 against Sheriff Laurie Smith and County of Santa Clara ("Sheriff") alleging that Kwong's property was subject to wrongful foreclosure and that she should not have been evicted from her home. *See* ECF 1. Kwong then filed an "Amended Civil Action," which the Court construed as a First Amended Complaint ("FAC"). *See* ECF 9. The FAC added a number of claims, including a claim under 42 U.S.C. § 1983, which formed the only basis for federal subject matter jurisdiction because complete diversity did not exist. The FAC also added Defendants NDEX West, LLP ("NDEX") and Wells Fargo Bank, N.A., as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007E and Nationstar Mortgage LLC ("Wells Fargo Defendants") for their alleged involvement.

Each of the sets of Defendants filed a separate motion to dismiss the FAC. *See* ECF 21, 24, 46. Kwong also filed a motion for a preliminary injunction, ECF 15, and a motion for leave to file a second amended complaint ("SAC"), ECF 37. The Court scheduled a hearing on all five

3

1 motions for October 26, 2017 at 9:00 A.M. *See* ECF 68. Kwong did not appear at the time
2 scheduled for the hearing, and the Court received no further argument.

3 On November 1, 2017, the Court granted all three Defendants' motions to dismiss the FAC
4 with leave to amend. *See* ECF 70 ("Prior Order"). The Court also denied Kwong's motion for a
5 preliminary injunction, and denied her motion for leave to file the SAC because the Court found
6 that her proposed SAC did not cure the deficiencies identified in Defendants' motions to dismiss.
7 *Id*. In particular, the Court explained that Kwong's proposed SAC did not allege a viable federal
8 claim against the Sheriff to support federal subject matter jurisdiction. *Id*. at 6. The proposed
9 SAC also did not address the res judicata issue raised by the Wells Fargo Defendants. *Id*.
10 However, because the Court granted Kwong leave to amend in the context of the motions to
11 dismiss, Kwong was permitted to file a second amended complaint to address the deficiencies
12 identified by the Court. *Id*. The Court reminded Kwong that any amended complaint must
13 adequately plead the basis for the Court's jurisdiction, must contain factual allegations sufficient
14 to put all defendants on notice of the claims against them, and must allege facts that show why
15 Kwong's claims against the Wells Fargo Defendants are not barred by the Prior Action. *See*
16 *generally* Prior Order.

17 On November 16, 2017, Kwong filed an "Amended Complaint Petition in Equity" against
18 only the Wells Fargo Defendants. *See* ECF 71. The Court construes this document as Kwong's
19 Second Amended Complaint ("SAC"). Because Kwong failed to name NDEX as a party in the
20 SAC, NDEX filed a judgment of dismissal, which the Court entered on February 23, 2018. ECF
21 81. Meanwhile, the Wells Fargo Defendants move to dismiss the SAC for lack of subject matter
22 jurisdiction and failure to state a claim upon which relief can be granted. *See generally* Mot.

### III. LEGAL STANDARD

#### A. Subject Matter Jurisdiction

25 "Federal courts are courts of limited jurisdiction. They possess only that power authorized
26 by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.*
27 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party
28 invoking the federal court's jurisdiction has the burden of proving the actual existence of subject

4

matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

### IV. DISCUSSION

The Wells Fargo Defendants move to dismiss Kwong's most recent complaint on several grounds, including (1) failure to state a valid federal claim to establish subject matter jurisdiction; (2) failure to state a claim because the complaint is fatally uncertain; and (3) failure to state a

1 claim because Kwong's claims are barred by the doctrine of res judicata. *See generally* Mot. The

2 Court addresses each argument in turn.

### A. Subject Matter Jurisdiction

At the outset, the Wells Fargo Defendants argue that Kwong's SAC fails to state a valid federal claim. Mot. at 3-4. The Court agrees with the Wells Fargo Defendants that Kwong's various references to the "Emergency Banking Relief Act (12 USC 95a)," the United States Constitution, Congressional Records and the "emergency war powers military due process of law," do not allege a valid federal claim against the Wells Fargo Defendants. *See generally* ECF 71. "A mere citation to a federal statute that does not include factual allegations to support a valid cause of action is not sufficient to support federal question jurisdiction." *Easton v. Crossland Motg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

While the Court agrees that Kwong has not alleged a viable federal claim, the Court may still have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Indeed, Kwong explicitly states in the SAC that she "invokes the Court's diversity jurisdiction." SAC at 2. The Court recognizes that it previously indicated that Kwong must plead a valid federal claim in order to establish federal subject matter jurisdiction. However, that ruling was in the context of the motion to dismiss the FAC, which asserted federal question jurisdiction in light of Kwong's claim under § 1983 against the Sheriff. Now that Kwong brings this action under diversity jurisdiction, the Court construes Kwong's *pro se* pleadings liberally to determine whether subject matter jurisdiction exists.

To invoke diversity jurisdiction in an action involving U.S. citizens, the complaint must allege that the matter is between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. §1332(a)(1). With respect to the citizenship of the parties, Kwong alleges that she resides at 3116 Coldwater Drive, San Jose, California. SAC at 1. Kwong's residence in California is "prima facie" evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (finding that "[w]hile there are references in the evidence to Dyer's residence instead of his domicile and citizenship, we feel this is not fatal to jurisdiction. Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.")

1    Kwong further alleges that "Respondent" resides in Texas. *Id.*[1] The Wells Fargo
2    Defendants do not base their motion to dismiss on a lack of diversity jurisdiction, but rather focus
3    on the Court's previous guidance that Kwong must allege a *federal* claim in order to proceed. The
4    absence of a discussion of diversity jurisdiction by the Defendants is telling. The Court takes
5    judicial notice of the fact that Wells Fargo Bank N.A. frequently removes cases to federal court—
6    including this Court—based on diversity of citizenship representing that "Wells Fargo is not a
7    citizen of California." *See, e.g.*, *Forster et al. v. Wells Fargo Bank N.A. et al.*, Case No. 5:17-CV-
8    05120-BLF, ECF 1 ("Notice of Removal"). Taking into account Wells Fargo's representations, as
9    well as the Ninth Circuit's clear finding that Wells Fargo is a citizen of South Dakota, the Court
10   finds that Wells Fargo is a citizen of South Dakota only for purposes of diversity jurisdiction.
11   *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a
12   citizen only of South Dakota, where its main office is located.") Moreover, the Court takes
13   judicial notice of the fact that Nationstar Mortgage LLC is a citizen of Delaware and Texas.[2] With
14   respect to amount in controversy, the SAC as well as Wells Fargo's motion to dismiss and RJN
15   make clear that this case involves a loan for at least $1,280,000.00. RJN Exs. 2, 3.

16   Thus, although the Wells Fargo Defendants attempt to avoid the diversity of citizenship
17   issue, the Court is satisfied that complete diversity exists between the parties and the amount in
18   controversy exceeds $75,000. Therefore, this Court has subject matter jurisdiction over this

---

[1] Kwong erroneously sued Defendants as a single "Respondent" labeled as: "Wells Fargo, N.A. LLC, et al, as trustee for: Recontrust/Bank of America/Banc of America; Nationstar LLC, et al., C/O 8950 Cypress Waters Boulevard, Coppell, TX 75019," when in fact Wells Fargo and Nationstar Mortgage LLC are actually two separate entities. *See generally* Mot.

[2] Limited liability companies such as Nationstar Mortgage LLC "have the citizenship of all their owners/members ... for diversity of citizenship under 28 U.S.C. § 1332." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). This Court and others in this Circuit have found that Defendant Nationstar Mortgage LLC has two owners/members: Nationstar Sub1 LLC and Nationstar Sub2 LLC. The Court also traces the citizenship of those LLC members. The two Sub LLCs are wholly owned by a corporation, Nationstar Mortgage Holdings, Inc. A corporation is a citizen of its state of incorporation and its principal place of business. 28 U.S.C.§ 1332(c). Nationstar Mortgage Holdings was incorporated in Delaware, with its principal place of business is in Texas. Consequently, the Court finds that Nationstar Mortgage LLC is a citizen of Delaware and Texas. *See e.g.*, *Andrews v. Nationstar Mortg., LLC*, No. 514CV01511SVWAJW, 2014 WL 12607671, at *2 (C.D. Cal. Sept. 8, 2014).

matter based on diversity of citizenship. *See* 28 U.S.C. §1332.

For the foregoing reasons, the Wells Fargo Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED. As discussed below, however, the Court finds that Kwong fails to state a claim against the Wells Fargo Defendants, and any such claims are barred by res judicata.

### B. Failure to State a Claim

In dismissing Kwong's FAC with leave to amend, the Court expressly stated that Kwong's claims against the Wells Fargo Defendants faced a difficult hurdle because they appeared to be barred by *res judicata*. *See* Prior Order at 5-6. The Wells Fargo Defendants renew their argument that Kwong's SAC fails to state a claim because it is fatally uncertain and cannot overcome the *res judicata* hurdle. *See* Mot. at 4. The Court agrees in both respects.

First, Kwong's Petition in Equity/SAC is largely incomprehensible. She appears to argue that she has found a subrogee to tender payment in the amount of $1,718,705.87 to Defendants. SAC ¶ 7. Kwong further alleges that "Subrogee declares Respondent's 'Trustee's Deed Upon Sale' to be a mortgage due to the Emergency Banking Relief Act (12 USC 95a), the act being in fact *'a mortgage on all the homes and other property of all the people of the nation.'" Id*. ¶ 7(c). The Subrogee has further "accepted and claimed" the "Trustee's Deed Upon Sale," to be "a mortgage" and "a liability of his estate." *Id*. ¶ 7(d). Kwong then lists several "purposes" of the Subrogee and a number of maxims of "beloved English/American equity jurisprudence." SAC ¶¶ 7-9. Kwong's untimely opposition does nothing to clarify her factual allegations, which largely repeat the same maxims and assertions at the Petition in Equity/SAC. *See generally* Opp'n.

As the Court previously explained to Kwong, "[v]ague or conclusory allegations are not sufficient to survive a motion to dismiss." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions," do not put the Wells Fargo Defendants on notice of the claims against them in order to satisfy Rule 8 notice pleading. *Iqbal*, 556 U.S. at 678 (*citing Twombly,* 550 U.S. at 555) (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the… claim is and the ground upon which it rests."). The "factual allegations" in the SAC/petition in equity are entirely unable to notify the Wells Fargo Defendants of Kwong's claims against them.

8

1          The Wells Fargo Defendants also persuasively argue that to the extent Kwong is asserting

2   some "right of redemption," the SAC fails because the Property was subject to a non-judicial

3   foreclosure. *See* RJN Exh. 12; Mot. at 6 (citing *Moeller v. Lien*, 25 Cal.App.4th 822, 831 (1994)

4   ("As a general rule, the purchaser at a non-judicial foreclosure sale receives title under a trustee's

5   deed free and clear of any right, title or interest of the trustor."); *see also Ballengee v. Sadlier*, 179

6   Cal.App.3d 1, 5 (1986) (finding that once the trustee's sale is completed, the trustor has no further

7   rights of redemption).

8          The Wells Fargo Defendants further argue that the same securitization of the loan and the

9   non-judicial foreclosure proceedings at issue in this case were already litigated in a state court

10  action which resulted in a final judgment of dismissal with prejudice against Kwong on April 12,

11  2017. *See* Santa Clara County Superior Court Case No. 16CV292278, *Suzanne Kwong et al. v.

12  Bank of America, N.A., et al.*); RJN Exhs. 13-17. This Court previously instructed Kwong when it

13  granted her leave to amend her claims that "any second amended complaint that she files must

14  allege facts that show why her claims against Wells Fargo are not barred by the prior action."

15  Prior Order at 5 (citing *Matute v. JPMorgan Chase & Co.*, No. CV 16-01753, 2016 WL 3092124,

16  at *6 (C.D. Cal. May 31, 2016) (holding that courts have "repeatedly recognized that, under

17  California law, plaintiffs seeking to set aside a foreclosure may not relitigate their claims in

18  subsequent actions, even when the second lawsuit asserts different causes of action or challenges

19  different aspects of the loan or foreclosure process.")

20         Kwong's "Petition in Equity," which the Court has construed as her SAC, does not even

21  attempt to get around the *res judicata* hurdle. Rather, the Wells Fargo Defendants have shown

22  that there exists "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity

23  between parties," such that Kwong may not reassert the previously adjudicated claims in this

24  federal action. *See Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*,

25  322 F.3d 1064, 1077 (9th Cir. 2003). Accordingly, the Court finds that with respect to claims in

26  which Kwong attempts to challenge the securitization of the loan, the non-judicial foreclosure

27  proceedings, or the 2015 foreclosure sale of the Property against the Wells Fargo Defendants, her

28  claims are barred by *res judicata*. Despite multiple versions of the pleadings and specific direction

from this Court regarding amendment, Kwong has failed to plead a valid claim for relief or explain how the Prior Action would not bar any such claim.

## V. Leave to Amend

Having concluded that the SAC fails to state a claim upon which relief may be granted, the Court must decide whether leave to amend is appropriate. In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis,* 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital,* 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The Court finds that Kwong has repeatedly failed to cure deficiencies by amendment and further amendment would be futile in light of the Court's *res judicata* determination. The SAC is Kwong's third pleading overall, and second unsuccessful pleading, and she has actually moved *further* away from stating any coherent claim for relief. Moreover, Kwong's opposition does not establish that she could cure the defects addressed above or in the Court's Prior Order even if granted leave to amend. The Court is satisfied that amendment would be futile against the Wells Fargo Defendants—the only remaining defendants in this case.

## VI. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Wells Fargo Defendants' motion to dismiss for failure to state a claim is GRANTED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: March 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge