**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUZANNE DUYEN KWONG,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Re: ECF 86] |

Plaintiff Suzanne Duyen Kwong ("Kwong") has filed an "Administrative Motion for Reinstatement of Contract," and supporting documents in this closed case. *See* ECF 86, 86-1, 86-2. The Court has reviewed the documents and finds that Kwong's requested relief is largely unintelligible. However, given that Kwong is proceeding *pro se*, the Court shall liberally construe her motion and treat it as a timely filed motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court entered Judgment against Kwong in this action on March 12, 2018. *See* ECF 85. Rule 59(e) is the proper procedural rule for Kwong to challenge the Court's final judgment, and it is timely filed within 28 days after the entry of Judgment. *See* Fed. R. Civ. P. 59(e). For the reasons below, Kwong's motion to alter or amend the judgment is DENIED.

A motion "under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal quotation and citation omitted). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000)).

Kwong does not present any proper grounds for reconsideration under Rule 59. The arguments in Kwong's motion are mostly unclear, but she appears to challenge this Court's determination granting the Wells Fargo Defendants motion to dismiss with prejudice, and requests the Court to reinstate the case. *See* ECF 86-1 at 10. Kwong identifies incomprehensible "fatal defects" and appears to repeat many of her substantive arguments challenging the loan at issue in this case. *Id.* at 5. In her ten page "Notice of Breach of Contract," she explains: "I am reporting crimes. I am assigning errors. I am perfecting my contract records." ECF 86-1 at 5. Kwong has not identified any newly discovered evidence, clear error, or intervening change in law to justify overturning this Court's dismissal of her case. Fed. R. Civ. Proc. 59(e). Accordingly, the Court DENIES Kwong's motion to alter or amend judgment under Fed. R. Civ. Proc. 59(e).

To the extent the "Motion for Reinstatement of Contract" and supporting documents are intended for some other purpose, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge

2