# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE DUYEN KWONG,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 17-cv-02127-BLF<br><br>**ORDER DENYING PLAINTIFF KWONG'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT; STRIKING LETTER AT ECF 89**<br><br>[Re: ECF 88, 89] |

Before the Court is Plaintiff Suzanne Duyen Kwong's ("Kwong") motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* ECF 88. For the reasons that follow, the Court finds that Kwong is not entitled to the extraordinary relief that she seeks, and DENIES her motion. Kwong has also submitted a letter regarding "FATAL DEFECTS and SECURITIES FRAUD." *See* ECF 89. The letter is procedurally improper, and the Court STRIKES the letter and all of its supporting documents from the record. *See* ECF 89, 89-1, 89-2, 89-3. These documents shall have no force or effect.

**I.     BACKGROUND**

The history of this case is well known to the parties and the Court, and is set forth at length in this Court's prior orders granting Defendants' motions to dismiss. *See* ECF 70, 84. The Court summarizes the relevant factual and procedural background as follows.

Kwong brought this federal action against several defendants, but ultimately proceeded in her Second Amended Complaint ("SAC") against Defendants Wells Fargo Bank, N.A., as trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007E and Nationstar Mortgage LLC (erroneously sued as "Wells Fargo, N.A. LLC, et al, as Trustee for

Recontrust/Bank of America/Banc of America; Nationstar LLC et al., C/O 8950 Cypress Waters Boulevard, Coppell, TX 75019") ("Wells Fargo Defendants"). *See* ECF 71.

This is the second civil action initiated by Kwong against the Wells Fargo Defendants arising from the foreclosure and sale of her property located at 1519 Rangewood Drive, San Jose, California ("the Property"). In March 2016, Kwong filed a lawsuit in Santa Clara County Superior Court against the Wells Fargo Defendants and other parties. In that case, Kwong and co-plaintiff Simon Kwong asserted thirteen causes of action and attempted to set aside the 2015 foreclosure sale of the Property that occurred on October 29, 2015. Among other allegations in the state court action, the Kwongs alleged misconduct in loan origination and subsequent attempts to modify the loan, as well as that the 2007 securitization of the loan was improper and that the May 17, 2010 Substitution of Trustee and Assignment of Deed of Trust was "void ab initio." The Kwongs further challenged the Wells Fargo Defendants' authority to foreclose on the Property.

The Wells Fargo Defendants demurred in the state court action, and the Santa Clara Superior Court sustained their demurrer. A Judgment of Dismissal With Prejudice was entered on April 12, 2017.

A few days later, on April 17, 2017, Kwong filed a *pro se* complaint in this Court against several defendants, including the Wells Fargo Defendants. *See* ECF 1. Kwong then filed an "Amended Civil Action," which all Defendants moved to dismiss. *See* ECF 9. The Court granted each of the Defendants' motions to dismiss with leave to amend. *See* ECF 70. Kwong filed an "Amended Complaint Petition in Equity" against only the Wells Fargo Defendants, which the Court construed as Kwong's Second Amended Complaint ("SAC"). ECF 71. The Wells Fargo Defendants moved to dismiss the SAC for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF 72. The Court denied the Wells Fargo Defendants' motion to dismiss for lack of subject matter jurisdiction, finding that diversity of citizenship existed between the parties. *See* ECF 84. However, the Court granted the Rule 12(b)(6) motion because Kwong's claims challenging the securitization of the loan, the non-judicial foreclosure proceedings, and the 2015 foreclosure sale of the Property against the Wells Fargo Defendants were barred by *res judicata*. *Id.*

Because the SAC failed to cure the previously identified deficiencies, and because leave to amend would be futile in light of the Court's *res judicata* determination, the Court dismissed this action with prejudice and entered Judgment in favor of the Wells Fargo Defendants and against Kwong on March 12, 2018. ECF 85. Kwong then filed an "Administrative Motion for Reinstatement of Contract," which the Court liberally construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See* ECF 86, 87. The Court denied Kwong's Rule 59 motion. ECF 87. The Court now turns to Kwong's motion for relief from judgment pursuant to Rule 60(b).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for six reasons upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F. 2d 1338, 1341 (9th Cir. 1981); *Beckway v. DeShong*, 2012 WL 1355744 *2 (N.D. Cal. 2012).

## III. DISCUSSION

Kwong appears to move for relief under grounds (1), (2), (3), (4), and (6). *See* ECF 88 at 2, 3. However, Kwong fails to identify grounds for relief under any of these provisions. Kwong challenges the Court's Judgment entered on March 12, 2018, as well as its order denying reconsideration issued on March 26, 2018. She argues that these orders "testify on their face to denying a pro se a chance to prove the case, show appearance of impropriety, contempt for standing Orders by superiors and ignorance of federal statutes by failing to apply them to the facts on record." ECF 88. But Kwong's conclusory assertions that she is entitled to relief lack any support. Her references to "newly discovered evidence," and "FATAL DEFECTS," do not render the Judgment void or support Kwong's claim that this Court is conspiring with the Defendants. Kwong also misrepresents her case against the Wells Fargo Defendants, explaining that she

3

"charged Slavery, breach of contract, issuing fraudulent securities which all affect interstate commerce," and asks the Court to "craft its own Order covering not only this Motion yet each and every charge [I] have made by reporting what I believe are high crimes." ECF 88 at 5.

Kwong is not entitled to relief under Rules 60(b)(1) or (2) because she does not identify any mistake or newly discovered evidence. In order to prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir. 2000). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud…not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union,* 952 F.2d 1144, 1148 (9th Cir. 1991). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (quotation marks and citation omitted). District courts have wide discretion in making this determination. *See id.* Other than generally referring to "fraud, misrepresentation and misconduct by defendants," Kwong does not articulate how the Wells Fargo Defendants have engaged in fraud or misconduct that would call into question the Judgment entered in their favor. *See* Fed. R. Civ. P. 60(b)(3).

Kwong's remaining statements in her motion are unavailing. At times, she attempts to relitigate the merits of this case in an attempt to get another bite at the apple. *See* ECF 88 at 5 ("I informed you I believed the record proves that I am being denied access to the law and benefit of my contract.") A motion for relief from judgment is not an appeal or an otherwise proper vehicle to relitigate the underlying claims at issue. Rather, it is a way to obtain relief if the litigant can convincingly show that judgment was unfairly obtained as a result of the opposing party's fraud or misconduct, or is otherwise void. *See, e.g.*, Fed. R. Civ. P. 60(b)(3); (4). "[T]he merits of a case are not before the court on a Rule 60(b) motion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260–61 (9th Cir. 2004).

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or

4

the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010). Kwong has not shown that her due process rights were violated in any way. As the Wells Fargo Defendants point out in their opposition to the Rule 60(b) motion, Kwong had the opportunity to oppose Defendants' motions to dismiss her FAC as well as her SAC. *See* Opp'n, ECF 90. At several points during this litigation, the Court evaluated all of the arguments presented to it and issued lengthy orders detailing its rulings. ECF 70, 84.

Finally, Rule 60(b)(6) provides for relief for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). This provision only applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60(b). *See Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1168, n. 8 (9th Cir. 2002). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks omitted). Rule 60(b)(6) is a residual clause and does not apply to Kwong's arguments regarding mistake, fraud, or newly discovered evidence, since a Rule 60(b)(6) motion must be based on grounds other than those listed in the preceding clauses. *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1338 (9th Cir. 1986) ("Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"). Kwong does not identify grounds for relief under Rule 60(b)(6), and the Court finds that no "extraordinary circumstances" exist to justify relief under this provision.

For the foregoing reasons, Kwong's Rule 60(b) motion for relief from judgment is DENIED.

**IT IS SO ORDERED.**

Dated: May 2, 2018

_____
BETH LABSON FREEMAN
United States District Judge